IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RUBEN TYRAN ARRINGTON** § | | |
| **Travis Co. No. 2118834** § | | |
| § | | |
| **V.** § | A-21-CV-1178-RP | |
| § | | |
| **MAJOR PENA AND SHERIFF'S** § | | |
| **DEPARTMENT** § | | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Ruben Tyran Arrington's complaint. Arrington, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

## I. STATEMENT OF THE CASE

At the time he filed his complaint, Arrington was confined in the Travis County Correctional Complex. He alleges:

> Major Pena and Sheriff's Department has been knowing that I am mentally ill and that I'm on medication and know matter if I write to be placed in mental housing they don't do it. Putting me in hostile units because I refuse to be gay, and cacshual committmenst and bribery as will.

Construing Arrington's claims liberally, as the Court must, he appears to allege he requested to be placed in housing for the mentally ill and his request was denied.

Arrington sues Major Pena and the Travis County Sheriff's Department. He seeks an unspecified amount of compensation for mental and emotional stress. He further seeks to have criminal charges pressed against Major Pena and the Sheriff's Department.

## II. DISCUSSION

### A.     Legal Standard

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same

standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

        1.        No Physical Injury

Arrington's claims seeking compensation for mental and emotional stress are barred by the physical injury requirement of 42 U.S.C. § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding plaintiff's claim that he suffered mental anguish, emotional distress, psychological harm, and insomnia as a result of dispute with prison officials was barred by physical injury requirement in 42 U.S.C. § 1997e(e)).

        2.        Entity Not Capable of Being Sued

The Travis County Sheriff's Department is not a legal entity capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); *Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding the Jefferson County Detention Center is not a legal entity subject to suit).

### 3. Municipal Liability

Even if the Court construed Arrington's claims brought against the Sheriff's Department as claims brought against Travis County, he fails to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

### 4. Criminal Charges

Arrington wishes to have criminal charges pressed against the defendants. However, he does not have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990).

### III. CONCLUSION

Arrington's complaint against Major Pena and the Travis County Sheriff's Office is frivolous and barred by the physical injury requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e).

### IV. RECOMMENDATION

It is therefore recommended that Arrington's complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Arrington be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 6, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE